IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


QUIRINO VILLANUEVA, *et al*,

    Plaintiffs,

v.                                                                                    No. 24-cv-0370-KWR-JFR

CARL WILKENS, *et al*,

    Defendants.


**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on the Prisoner Civil Rights Complaints and supplemental filings in this case, which were filed by or on behalf of the following inmate-plaintiffs: Quirino Villanueva; Alex Arnold; Samuel Jimenez-Perez; Robert Almanzar; Albez Ramirez; Saul Saenz; Patrick Lopez; Mario Blanco; Angelo Tinoco; and Fabian Garcia. *See* Docs. 1, 2, 4, 5-9, 11,12, 21. Quirino Villanueva appears to have prepared the majority of the filings, but many documents are signed by the other inmate-plaintiffs. Villanueva also filed a Motion to Proceed *In Forma Pauperis* on his own behalf, as did Albez Ramirez. *See* Doc. 3, 10. Neither motion attaches a six-month inmate account statement, as required by 28 U.S.C. § 1915(a)(2). After the initial pleadings were filed, the Court received over 20 returned-mail notices. *See* Docs. 13-16, 18-20, 22-39. It appears that most of the inmate-plaintiffs have been transferred/released from custody and are no longer housed at the same facility. As a threshold issue, the Court must therefore determine whether it is feasible for multiple inmate-plaintiffs to prosecute this case.

Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least

one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023). *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855

(7th Cir. 2004) (emphasis in original).  This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim.  *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes).  Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at \*20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns.  The inmate-plaintiffs did not all sign one pleading.  Instead, different subsets of inmate-plaintiffs signed different pleadings, making it impossible to discern the scope of the joined claims.  As noted above, most of the inmate-plaintiffs have been transferred/released, and over 20 mailings have been returned as undeliverable. *See* Docs. 13-16, 18-20, 22-39.  The Court therefore finds that joinder is impractical in this case.

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20.  Some courts dismiss the entire case and require each plaintiff to file a new case. *See, e.g., Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at \*3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice").  Other courts allow the primary filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at \*2 (W.D. Okla. May 13, 2014)

(noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action"). *Cf Rueb v. Zavaras,* 371 Fed. App'x 982, 985–86 (10th Cir. 2010) (affirming where "the district court dismissed all plaintiffs except [one], … ordered him to file another amended complaint … limited solely to his own claims").

The Court will take the latter approach; permit the primary filer (Quirino Villanueva) to proceed in this case; and dismiss the claims of all remaining plaintiffs without prejudice to refiling their own case. The Court will also deny Albez Ramirez's pending Motion to Proceed *In Forma Pauperis* (Doc. 10) without prejudice to refiling the motion in his own separate proceeding.

To prosecute this case, Villanueva must file an amended complaint limited solely to his own claims within thirty (30) days of entry of this Order. By the same deadline, Villanueva must also file an inmate account statement to support his Motion to Proceed *In Forma Pauperis* (Doc. 3). The statement must reflect transactions for a six-month period, as required by 28 U.S.C. § 1915(a)(2). If Villanueva fails to timely comply with both directives, his claims and this entire case may be dismissed without further notice. Moreover, if another plaintiff (*i.e.* a plaintiff who is not Villanueva) submits a pleading in this case, the Court may decline to file it in this docket and direct the Clerk's Office to open a new case on behalf of that plaintiff.

**IT IS ORDERED** that Quirino Villanueva is the only Plaintiff permitted to prosecute this case; all claims filed by other inmate-plaintiffs are **DISMISSED without prejudice** to filing their own separate actions; and Albez Ramirez's Motion to Proceed *In Forma Pauperis* (**Doc. 10**) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Plaintiff Quirino Villanueva must file: (1) an amended complaint limited solely to his own claims; and (2)

an inmate account statement reflecting transactions for a six-month period.

       **SO ORDERED**.


                              _____/S/_____

                              HON. KEA RIGGS
                              UNITED STATES DISTRICT JUDGE