## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

QUIRINO VILLANUEVA,

     Plaintiff,

v.                                                                No. 24-cv-0370-KWR-JFR

CARL WILKENS, *et al*,

     Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Quirino Villanueva's failure to prosecute his prisoner civil rights claims.  Villanueva initiated this case by filing several 42 U.S.C. § 1983 pleadings, which were also filed by (or on behalf of) the following inmate-plaintiffs: Alex Arnold; Samuel Jimenez-Perez; Robert Almanzar; Albez Ramirez; Saul Saenz; Patrick Lopez; Mario Blanco; Angelo Tinoco; and Fabian Garcia.  *See* Docs. 1, 2, 4, 5-9, 11,12, 21.  Villanueva also filed a Motion to Proceed *In Forma Pauperis* (Doc. 3) on his own behalf, but the motion does not attach a six-month inmate account statement as required by 28 U.S.C. § 1915(a)(2).  After the initial pleadings were filed, the Court received over 20 returned-mail notices.  *See* Docs. 13-16, 18-20, 22-39.  It appears that most of the inmate-plaintiffs have been transferred/released from custody and are no longer housed at the same facility.

By a Memorandum Opinion and Order entered December 11, 2024, the Court addressed the threshold issue of whether it is feasible for multiple inmate-plaintiffs to prosecute this case. *See* Doc. 40 (Initial Screening Ruling).  As explained in that ruling, Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs.  The Court, in its discretion, may permit a joinder where all claims

arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("In the context of prisoner litigation specifically, district courts also have found that the impracticalities inherent in multiple-plaintiff lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same). If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2. Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023). *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the

complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original). This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim. *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

Considering this authority, the Initial Screening Ruling ultimately concluded that joinder is not feasible in this case. The inmate-plaintiffs did not all sign one pleading. Instead, different subsets of inmate-plaintiffs signed different pleadings, making it impossible to discern the scope of the joined claims. Moreover, most of the inmate-plaintiffs have been transferred/released, and over 20 mailings have been returned as undeliverable. *See* Docs. 13-16, 18-20, 22-39.

Because Villanueva is the primary filer in this case, the Court permitted him to remain as the plaintiff and dismissed the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action"). The Initial Screening Ruling set a thirty-day deadline for Villanueva to: (1) to file an amended complaint limited solely to his own claims; and (2) file an inmate account statement to support his Motion to Proceed *In Forma Pauperis* (Doc. 3). The Initial Screening

Ruling warns that the failure to timely comply with both directives may result in dismissal.

The deadline for Villanueva to cure the above deficiencies expired no later than January 10, 2024.  Villanueva did not comply or otherwise respond to the Initial Screening Ruling, which was returned as undeliverable.  Villanueva has not provided an updated address, as required by local rule.  *See* D.N.M. Local Civil Rule 83.6 ("All … parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing addresses").  The Court will therefore dismiss Villanueva's claims and this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).  The Court will also deny Villanueva's pending Motion to Proceed *In Forma Pauperis* (Doc. 3), which is now moot.

**IT IS ORDERED** that the above-captioned case, including each claim filed by Quirino Villanueva, is **DISMISSED without prejudice**; Villanueva's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **DENIED as moot**; and the Court will enter a separate judgment closing the case.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE